LOUISIANA & ARKANSAS RAILWAY COMPANY *v.* STATE.

Opinion delivered July 12, 1909.

RAILROADS—REQUIREMENTS TO BUILD STATION—VALIDITY.—A special statute requiring a railroad company to build and maintain a station at a certain place is void if there was no public necessity therefor, and if its erection and maintenance would cause the company to incur large expense without corresponding benefit to the company or to the public.

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

*Henry Moore* and *Henry Moore, Jr.,* for appellant.

1. The statute under which the indictment was presented in this case required appellant to "construct and at once build and maintain a regular station," etc. The demurrer should have been sustained because the indictment only charges that appellant "failed to maintain a regular station," etc., without charging a failure to "construct and build." 47 Ark. 488.

2. The act is an arbitrary and unreasonable exercise of legislative control over a railroad. 85 Ark. 12. It is repugnant to § 1 of 14th amendment U. S. Const. and to § 8, art 2, Const. Ark. The question to be considered is the convenience of the entire public, and not that of the limited few who will profit by the erection of the station; also the reasonableness of the regulation and the loss entailed on the railroad by reason thereof must be considered. The power to alter or amend the charter of a corporation does not extend to taking its property by confiscation or indirectly by other means. 154 U. S. 362 and 398, 399; 173 U. S. 685; 197 U. S. 287; 193 U. S. 52; 142 U. S. 492; 132 Ill. 559. See also 52 Ark. 410; art. 12, § 6, Const. Ark. The act is also in direct contravention of art. 1, § 8 Const. U. S., the interstate commerce clause, and violative of the acts of Congress regulating the carriage of mails. 122 U. S. 326; 196 U. S. 195; 201 U. S. 321; 202 U. S. 543; 203 U. S. 335.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

There is absolutely no showing that a station is necessary at Snow Crossing. The evidence to support the reasonableness of the statute is not only totally lacking, but it affirmatively shows

that it is unreasonable, arbitrary and confiscatory. We confess error. 85 Ark. 12, 23; 206 U. S. 1.

BATTLE, J. This cause has been in this court once before on appeal. The opinion delivered at that time can be found in *Louisiana & Ark. Ry. Co.* v. *State,* 85 Ark. 12. The law and proper mode of procedure in the case were determined in that opinion. The judgment of the circuit court was reversed, and the cause was remanded for further proceedings. Up to that time the facts in the case are set out in the opinion.

Upon the return of the case to the circuit court the defendant filed a special plea, which is in part as follows:

"Comes the defendant, Louisiana & Arkansas Railway Company, and, reasserting that it is not in any manner amenable to the indictment herein, says: (1) That it is not guilty as charged in the indictment. (2) The Louisiana & Arkansas Railway Company, further pleading, says that said 'Snow Crossing' is simply the crossing of a country road over and across the line of defendant's railway, and that no railroad crosses the line of defendant's road at or within many miles of said Snow Crossing. That said Snow Crossing is not a town, and that the only improvements of any kind there consist of a cotton gin and two small houses and a small box house used as a barn, and that the total population of said Snow Crossing consists of two families with about ten persons in all; that the surrounding country is sparsely settled, the same being largely wild and uncultivated land; that the same is a farming country, principally devoted to the raising of cotton, so far as any salable crops are concerned, which is hauled to the neighboring towns of Magnolia, Lewisville and Taylor, where the farmers are accustomed to purchase their supplies. That at Experiment, about two miles north of Snow Crossing on the line of the railroad of said railway company, there is a flag station where passengers and freight are received and discharged, and that about five miles south of said Snow Crossing on the line of said railroad is the station of Taylor, where there is a depot building, and where a telegraph operator and passenger and freight agents are employed and stationed, and that said stations of Experiment and Taylor furnish to the inhabitants at or near Snow Crossing ample transportation facilities, and that to require the erection and

maintenance of a regular station at Snow Crossing would force said defendant to maintain three stations in a sparsely settled country within a distance of about seven miles. That to erect a suitable station at Snow Crossing would cost in the neighborhood of one thousand dollars ($1,000). That Snow Crossing is located at the foot of a very heavy grade on the line of defendant's railroad, and, because of the topography of the country, it is impracticable (except with very great expense) to provide side tracks and passing tracks at said point, such as would be necessary to comply with act No. 105 of 1905, under which this indictment is found. And that it would cost to maintain same and pay the necessary agents and employees about seventy-five dollars ($75) per month, and that the receipts from freight and passengers at Snow Crossing would not meet and pay more than a small proportion of such sum and the expenses attendant upon the maintaining said station, and that such station would have to be operated at a large monthly loss to said defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

5th. That Snow Crossing is located at the foot of a very heavy grade on the line of defendant's railway—the heaviest grade at any point on said line. It is a point where there is a rising grade to the north for a long distance, some five thousand feet, eleven hundred feet of which is a one per cent. grade (that is, a rise of one foot for every one hundred feet) and said point of Snow Crossing is located about thirty-four hundred feet north of the most abrupt grade on the whole line of defendant's railway, being a hill known as 'Red Cut Hill,' the grade there being a two per cent. grade. In order to overcome the difficulty in getting over the heavy grade south of Snow Crossing, it is necessary to use the momentum acquired by trains in going down the hill that lies to the north of Snow Crossing, and, if compelled to stop at Snow Crossing to receive or discharge freight and passengers, ordinary freight trains would have to double to Taylor, as an engine there could only start and pull up over the two per cent. hill a little more than fifty per cent. of what is the customary and necessary tonnage of such trains; and passenger trains south bound in handling the usual equipment of such passenger trains under adverse weather conditions, or with an engine not steaming properly, if required to stop at said Snow Crossing, would be

compelled to back up north in order to attain sufficient speed and momentum to take such trains over the heavy grade of said 'Red Cut Hill.' About thirty-five hundred feet north of said Snow Crossing there is a one degree curve in the line of said railway, which curve is 2,500 feet in length, and which curve, coupled with the necessity of backing trains north of Snow Crossing if they were compelled to stop there, in order to overcome the heavy grade of said Red Cut Hill, would greatly increase the danger of accidents to said freight and passenger trains and to the employees operating same, and to the employees upon United States mail cars, and to the passengers transported upon said line of railway; and that to have to cut in two the usual freight trains at Snow Crossing and to double from that point to Taylor would greatly increase the danger to property and to the lives of the employees of said railroad company, and this danger would be particularly great when this was required to be done in the night time, which would frequently be the case; and that the only way in which the provisions of said act No. 105 as to the establishment and maintenance of a station at Snow Crossing and the stopping of freight and passenger trains at said point could be complied with, with safety to life and property, would be the cutting down of said Red Cut Hill, so that trains could avoid the necessity of backing up, or of doubling, from that point to Taylor, as mentioned, which would cost not less than thirty or forty thousand dollars, and that the business of defendant is not of sufficient proportion to justify any such expenditure. So that the provisions of said act No. 105 and the enforcement of same and the attempted enforcement of same are unreasonable and arbitrary and repugnant to section 1 of the 14th amendment to the Constitution of the United States and of section 8 of art. 2 of the Constitution of the State of Arkansas, in this, that the effect of such enforcement would be to deprive the defendant of its property without just compensation and without due process of law, and would be to deny to it the equal protection of the laws, and repugnant to and in violation of the interstate commerce clause of section 8, art. 1, of the Constitution of the United States, and repugnant to and in violation of the statutes of the United States regulating the carriage of the mails under section 10 of art. 1 of said Constitution of the United States. That the statements as to the con-

ditions and surroundings and physical facts set forth in this plea were the conditions and surroundings and physical facts as to said Snow Crossing at the date of the passage of said act No. 105 of 1905 and at the date of the finding of the indictment herein."

After hearing the evidence adduced by the parties, the court found that the special act of the Legislature upon which the indictment was founded was a valid statute; and, the defendant admitting that it had failed to comply with the act, fined it (defendant) $25, and rendered judgment against it for that amount. To reverse this judgment the defendant prosecutes an appeal to this court.

The Attorney General, in behalf of the State, confesses that the court erred in holding that the statute in question is valid.

The undisputed evidence adduced in the trial fully sustains the statement of facts in the special plea of the defendant, which shows that there was no public necessity for a station at Snow Crossing on defendant's line of railway, and that the requirement that such a station should be constructed and maintained is unnecessary, unreasonable and arbitrary, and, if executed, would cause the defendant to incur large expense without any corresponding benefit to it or the public. The result is it should not be enforced, and the confession of error of the Attorney General should be sustained.

Judgment reversed and cause remanded with directions to the court to dismiss the indictment.